### In the Matter of PENN CENTRAL TRANSPORTATION COMPANY, Debtor.
### In re PENN CENTRAL COMPANY ACTION IN UNITED STATES COURT OF CLAIMS.
### No. 70–347.

United States District Court,
E. D. Pennsylvania.
Oct. 22, 1974.

Charles A. Horsky, Washington, D. C., and Paul R. Duke, Philadelphia, Pa., Trustees, Penn. Cent. Transp. Co.

David Berger, Gerald J. Rodos and Paul J. McMahon, Philadelphia, Pa., for Penn Central Co.

Morris Raker, Boston, Mass. and Spencer Ervin, Jr., Philadelphia, Pa., for Richard Joyce Smith, Trustee, New York, New Haven & Hartford RR Co.

Frederic L. Ballard, Philadelphia, Pa., for Institutional Investors Penn Central Group.

Nochem S. Winnett, Philadelphia, Pa., for First National City Bank of New York.

## MEMORANDUM AND ORDER NO. 1698

FULLAM, District Judge.

Penn Central Company, the owner of all of the common stock of the Debtor, has brought suit against the United States in the Court of Claims (Ct.Cl. Docket No. 129–74) alleging, in substance, that since February 8, 1973, the rail operations of the Debtor have been carried on under compulsion of federal law, and that losses incurred since that date constitute a taking of property for which just compensation must be paid by the United States by reason of constitutional requirements. The alleged federal compulsion is claimed to have arisen under Joint Resolution 59, adopted February 8, 1973, and by virtue of the Regional Rail Reorganization Act of 1973, which became effective on January 2, 1974.

The Trustees of the Debtor have petitioned this Court to enjoin Penn Central from further prosecution of the Court of Claims action, and to require Penn Central to obtain a voluntary dismissal of the action, without prejudice.

Originally, the Court of Claims complaint sought a money judgment in the sum of $280 million (apparently based upon an estimate of all administration expenses accruing between February 8, 1973 and April 10, 1974, the date on which the action was filed). Thereafter, Penn Central amended its complaint to seek

"judgment in [Penn Central's] favor and against the defendant United States of America in an amount equal to the difference between the value of plaintiff's interests and holdings in P.C.T.C. on February 8, 1973 and the present value thereof."

Counsel for Penn Central have conceded that the complaint, as originally filed,

asserted a claim which properly belongs, in whole or in part, to the Trustees. However, it is argued that, as now formulated, the complaint asserts only a claim which belongs to the Penn Central, independently of any claim which might be asserted by the Trustees.

I find this proposition difficult to accept. It is true that any shrinkage in the total value of the Debtor's estate would have a direct bearing upon the values realizable by Penn Central in the event of liquidation, and presumably would be reflected, more or less directly, in the values assignable to Penn Central's interests for purposes of reorganization in a reorganization plan. But any claim for shrinkage of the total value of the Debtor's estate belongs, at least at this stage of the reorganization proceedings, to the Trustees. Assuming, without deciding, that parties injured by a less-than-totally-successful reorganization outcome may have a cause of action for the reasons alleged by Penn Central, it seems self-evident that the assertion of such a cause of action at this time by anyone other than the Trustees is at least premature.

Moreover, I am persuaded that to permit the Penn Central litigation in the Court of Claims to proceed at this time would be irresponsible, if for no other reason than the existing confusion as to the nature and extent of possible remedies under the Tucker Act, and the consequent uncertainty as to the possible adverse effects of the Penn Central litigation (*res judicata*, collateral estoppel, double recovery, etc.) upon claims which others, including the Trustees, may be held entitled to assert. The majority of the three-judge court in the *Connecticut General* [1] case held that the RRRA is unconstitutional on its face because it fails to provide adequate compensation for interim erosion, and because it evinces a congressional intent that the federal government not be liable except as provided in that statute. In my concurrence in that litigation, I expressed the view that the same conclusion was also applicable with respect to the ultimate conveyances of rail properties pursuant to the RRRA, and suggested that even if recourse might ultimately be had to the Tucker Act, any such remedy would not be adequate. In the proceedings mandated by § 207 of the RRRA, I found, in both the Penn Central and Lehigh Valley proceedings, that the RRRA did not provide a "fair and equitable" process. On appeal from the latter ruling, the statutory Special Court held, as I understand it, that the procedures of the RRRA would not be fair and equitable unless there is an ultimate remedy under the Tucker Act, but concluded, contrary to *Connecticut General*, that a Tucker Act remedy is available.[2] The Special Court stayed its order pending decision by the Supreme Court on the *Connecticut General* appeal; argument of the latter appeal has been scheduled for October 23, 1974.

In view of these developments, it would be clearly improper at this time to permit the Penn Central Company to proceed further with its Tucker Act litigation in the Court of Claims.

1. Connecticut General v. U.S.R.A., 383 F. Supp. 510 (E.D.Pa.1974).

2. The Special Court dismissed as an exercise in literalism the suggestion that the question before the Reorganization Courts was whether not the RRRA itself provided a fair and equitable process; and, apparently, the related argument that there could be no remedy under the Tucker Act unless the RRRA did violate constitutional rights. In the Matter of Penn Central Trans. Co., Corp.Reor.Rep. (Penn Central) § 1675 at 21 (Spec.Ct.1974).